IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRANDON KILLAM,<br><br>        Petitioner,<br><br>vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>        Respondents. | Cause No. CV 20-108-GF-BMM<br><br>ORDER |

    This matter comes before the Court on state pro se petitioner Brandon Killam's Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

    The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Further, the Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Killam's claim is not cognizable in federal habeas, his petition will be denied.

1

I.   **Motion to Proceed in Forma Pauperis**

Killam seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) After reviewing the motion and supporting account statement, the Court finds that Killam has sufficiently shown he cannot afford to pay all costs associated with this action. The motion to proceed in forma pauperis will be granted.

II.   **Procedural History**

In November of 2004, following a plea of guilty, Killam was convicted of Aggravated Assault in Montana's Eighth Judicial District Court, Cascade County, and sentenced to the Montana State Prison for a term of 20 years. (Doc. 1 at 2-3.) The state district court also imposed a consecutive 10-year Weapon Enhancement sentence; 5 of the years were suspended. *Id.* at 3.

Killam states he did not file a direct appeal, *id.* at 3, ¶ 6, and did not seek state postconviction relief, *id.* at 4, ¶ 9, but that he did file a state habeas corpus petition. *Id.* at 4, ¶ 12. It appears Killam is confused. A review of the Montana Supreme Court docket indicates that he did file a direct appeal in 2005. See, *State v. Killam*, 122 P.3d 439, 440 (Mont. 2005). The sole issue on appeal was whether Killam's right to due process was violated at his sentencing hearing when the prosecution recommended imposition of the maximum sentence. *Killam*, 122 P.3d at 440. The Montana Supreme Court affirmed Killam's sentence and held no due process violation occurred. *Id.* at 443.

### III.     Killam's Claim

In the instant petition Killam alleges his right to be free of Double Jeopardy under the Montana Constitution, Art. 2, § 25, has been violated. (Doc. 1 at 5, ¶ 13(A)(i)). In support of his argument Killam references *State v. Guillaume*, 1999 MT 29, 293 Mont. 224, 975 P. 2d 312, for the premise that "application of a weapon enhancement statute to a conviction for felony assault is a violation of plaintiff's right to be free from multiple punishments for the same crime." *Id*.

Killam acknowledges he has never presented this claim to the state courts because he only became aware of it after his state filing deadlines had passed. *Id*. 5, ¶ 13(A)(iv). Killam asks this Court to reverse the state district court and remand the matter for resentencing. *Id*. at 7, ¶ 17.

### IV.     Analysis

This Court may entertain a petition for a writ of habeas corpus only on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a); see also, *Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for errors of state law). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Killam's sole claim is that his sentence violates state law and the Montana

3

Constitution because he has been purportedly subject to double punishment for the same offense. While there are other procedural hurdles that likely preclude relief, including federal statute of limitations and exhaustion and/or procedural default, they matter not at this juncture, because the claim Killam presents is not cognizable in federal habeas.

To the extent that Killam asks this Court to interpret and apply state law to correct a perceived wrong, this is not a cognizable ground for relief in a federal habeas corpus proceeding. *See Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law"); *Estelle,* 502 U.S. at 67-68 ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law). While Killam may believe he has a valid double jeopardy argument under Montana law, such belief does not create a viable federal constitutional claim.

The Court would also direct Killam to *State v. Charlo*, 4 P. 3d 1201 (Mont.

4

2000). There, Charlo argued pursuant to *Guillaume*, that his enhanced sentence of 10 years for use of a weapon in commission of Aggravated Assault violated the state constitution's prohibition against double jeopardy. The Montana Supreme Court held that while aggravated assault required an individual purposely or knowingly cause serious bodily injury to another, it did not require use of a weapon. Thus, Charlo was not punished twice for use of a weapon and *Guillaume* had no application to Charlo's case. *Charlo*, 4 P. 3d at 1204. A determination of state law by a state appellate court is binding in a federal habeas action. The state's highest court is the final authority on the law of that state. *Sandstrom v. Montana,* 442 U.S. 510, 516-17 (1979). Killam's claim is denied.

V.     **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Killam has failed to make a substantial showing of a denial of a constitutional right. Additionally, because Killam's claim is based on state law and is not cognizable in federal habeas, jurists would find no basis to encourage further proceedings. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Killam's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Killam's Petition (Doc. 1) is DENIED.

3. The Clerk of Court shall be directed to enter judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability is DENIED.

DATED this 24th day of November, 2020.

*/s/ Brian Morris*

Brian Morris, Chief District Judge
United States District Court